1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Cecilia Tropp,                          )  No. CV06-606-PCT-JAT
                                            )
10             Plaintiff,                    )  **ORDER**
                                            )
11  vs.                                      )
                                            )
12                                           )
   Michael J. Astrue, Commissioner of Social )
13  Security,                                )
                                            )
14             Defendant.                    )
                                            )
15  _____ )

16

17     Plaintiff Cecilia Tropp appeals the Commissioner of Social Security's (the

18  "Commissioner") denial of disability benefits.  The Court now rules on her appeal (Doc.

   #74).

19
   **I.    Background**
20
       **A.    Procedural Background**
21
          Plaintiff, Cecilia Tropp, filed an application for Disability Insurance Benefits (DIB)
22
   under Title II of the Act, 42 U.S.C. §§401-433, in February of 2003, alleging disability since
23
   January of 2003.  Administrative Law Judge (ALJ) Ronald S. Robins issued an unfavorable
24
   decision on that application on March 22, 2005.   When the Appeals Council denied
25
   Plaintiff's request for review, she filed an appeal with this Court pursuant to 42 U.S.C.
26
   §405(g).  The Honorable Mary H. Murguia granted the Commissioner's motion for summary
27
   judgment, affirming ALJ Robins's decision.  Plaintiff then appealed to the Ninth Circuit
28

1   Court of Appeals in June 2007.

2       While pursuing her appeal from ALJ Robins's unfavorable decision, Plaintiff filed a

3   second DIB application in April 2005, alleging disability beginning March 23, 2005 (the day

4   after the unfavorable decision on her first application).  After initial and reconsideration

5   denials, ALJ Nancy Alden conducted a *de novo* hearing in February 2008 and issued a fully

6   favorable bench decision finding Plaintiff disabled as of March 23, 2005.

7       In January 2009, the Ninth Circuit Court of Appeals remanded Plaintiff's claim on her

8   first application, without issuing a judgment, pursuant to sentence six of 42 U.S.C. §405(b),

9   for consideration of new and material evidence.  The Court of Appeals instructed the Appeals

10  Council to on remand reevaluate the unfavorable March 2005 decision in light of the fully

11  favorable February 2008 bench decision.  The Appeals Council therefore vacated ALJ

12  Robins's March 2005 unfavorable decision and remanded Plaintiff's first application to an

13  ALJ for further proceedings.

14      Post-remand, ALJ Normal R. Buls conducted a second hearing on Plaintiff's first

15  application, then issued an unfavorable decision on May 12, 2010, finding Plaintiff not

16  disabled at any time prior to March 23, 2005.  When the Appeals Council denied Plaintiff's

17  request for review, ALJ Buls's decision became the Commissioner's final decision on

18  Plaintiff's first application.  This Court maintained jurisdiction over Plaintiff's appeal

19  because the first application was remanded pursuant to sentence six of 42 U.S.C. §405(g).

20  The current appeal concerns only ALJ Buls's May 2010 unfavorable decision denying

21  Plaintiff's first DIB application.  The only period of time in dispute is from the alleged onset

22  date of disability, January 21, 2003, through March 22, 2005, the day before ALJ Alden's

23  fully favorable decision on the second DIB application.

24      **B.     Medical Background**

25      Plaintiff's medical records between January 2003 and March 2005 reflect Plaintiff's

26  treatment for osteoarthritis/degenerative disc disease of her neck and lower back and

27  tendonitis in both shoulders. As stated in ALJ Buls's unfavorable decision, Plaintiff suffered

28  from the following during the relevant closed time period: osteoarthritis, chronic pain

resulting from degenerative disease of the lumbar spine, degenerative disease of the cervical spine, and reflex sympathetic dystrophy.

During the relevant time, Plaintiff took a variety of muscle relaxant and analgesic medications, attended physical therapy, and had steroid injections. She received treatment from: Nannette Sharp, a family practice physician's assistant; Dr. Sherif Nasef, a rheumatologist; Dr. M.A. Kazmi, a neurologist; Dr. William Binder, an orthopedic surgeon; and Dr. Mandeep Powar, a pain management specialist. The Court will not further recount the Plaintiff's voluminous treatment records here.

## II.  Standard of Review

A district court:

> may set aside a denial of disability benefits only if it is not supported by substantial evidence or if it is based on legal error. Substantial evidence means more than a mere scintilla but less than a preponderance. Substantial evidence is relevant evidence, which considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's decision must be upheld.

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citation and quotation omitted). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Also under this standard, the Court will uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Batson v. Comm'r of the Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). However, the Court must consider the entire record as a whole and cannot affirm simply by isolating a "specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)(internal quotation omitted).

## III.  Discussion

To qualify for disability benefits under the Social Security Act a claimant must show, among other things, that she is "under a disability."  42 U.S.C. §423(a)(1)(E).  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §423(d)(1)(A).  A person is:

> under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.SC. §423(d)(2)(A).

The Social Security regulations set forth a five-step sequential process for evaluating disability claims.  20 C.F.R. §404.1520; *see also Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).  A finding of "not disabled" at any step in the sequential process will end the inquiry.  20 C.F.R. §404.1520(a)(4).  The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at the final step.  *Reddick*, 157 F.3d at 721.  The five steps are as follows:

1.  First, the ALJ determines whether the claimant is "doing substantial gainful activity."  20 C.F.R. §404.1520(a)(4)(i).  If so, the claimant is not disabled.

2.  If the claimant is not gainfully employed, the ALJ next determines whether the claimant has a "severe medically determinable physical or mental impairment."  20 C.F.R. §404.1520(a)(4)(ii).  To be considered severe, the impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §404.1520(c).  Basic work activities are the "abilities and aptitudes to do most jobs," for example: lifting; carrying; reaching; understanding, carrying out and remembering simple instructions; responding appropriately to co-workers; and dealing with changes in routine.  20 C.F.R. §404.1521(b).  Further, the impairment must either be expected "to result in death" or "to last for a continuous period of twelve months."  20 C.F.R. §404.1509 (incorporated by reference in 20 C.F.R. §404.1520(a)(4)(ii)).  The "step-two inquiry is a de minimis screening device to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  If the claimant does not have a severe impairment, the claimant is not disabled.

3.  Having found a severe impairment, the ALJ next determines whether the impairment "meets or equals" one of the impairments listed in the regulations.  20 C.F.R.

§404.1520(a)(4)(iii).  If so, the claimant is found disabled without further inquiry.  If not, before proceeding to the next step, the ALJ will make a finding regarding the claimant's "residual functional capacity based on all the relevant medical and other evidence in [the] record." 20 C.F.R. §404.1520(e).  A claimant's "residual functional capacity" is the most he can do despite all his impairments, including those that are not severe, and any related symptoms.  20 C.F.R. §404.1545(a)(1).

4.  At step four, the ALJ determines whether, despite the impairments, the claimant can still perform "past relevant work."  20 C.F.R. §404.1520(a)(4)(iv).  To make this determination, the ALJ compares its "residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  20 C.F.R. §404.1520(f).  If the claimant can still perform the kind of work he previously did, the claimant is not disabled.  Otherwise, the ALJ proceeds to the final step.

5.  At the final step, the ALJ determines whether the claimant "can make an adjustment to other work" that exists in the national economy. 20 C.F.R. §404.1520(a)(4)(v). In making this determination, the ALJ considers the claimant's "residual functional capacity" and his "age, education, and work experience."  20 C.F.R. §404.1520(g)(1).  If the claimant can perform other work, he is not disabled.  If the claimant cannot perform other work, he will be found disabled.  As previously noted, the Commissioner has the burden of proving the claimant can perform other work. *Reddick*, 157 F.3d at 721.

In this case, ALJ Buls concluded at step four of the sequential process that Plaintiff was not disabled.  ALJ Buls found that, during the period at issue, Plaintiff had the residual functional capacity to perform sedentary work, as defined in 20 C.F.R. §404.1567(a), and could perform one of her past relevant jobs – line worker.  Plaintiff's job as a line worker did not require more than sedentary, unskilled tasks.

On appeal, Plaintiff alleges that ALJ Buls erred in failing to comply with the Appeals Council's remand order, in rejecting Plaintiff's symptom testimony in the absence of clear and convincing reasons for doing so, and in failing to provide sufficient reasons for rejecting the assessment of the treating rheumatologist in favor of assessment forms completed by a

1  physician's assistant and a non-examining state agency review.  Based on these errors,
2  Plaintiff asks the Court to remand for an award of benefits.

3  **A.    Remand Order**

4  Plaintiff argues that ALJ Buls did not comply with the Appeals Council's remand
5  order.  The remand order instructed: "The Administrative Law Judge will take the actions
6  directed by the Court Order . . . with respect to the subsequent Administrative Law Judge's
7  decision that the claimant became disabled on March 23, 2005." (Tr. 361.)  The "Court
8  Order" referenced by the Appeals Council is the Ninth Circuit's remand order that instructed
9  the Administration to reevaluate its unfavorable 2005 decision in light of its favorable 2008
10  decision.

11  Plaintiff argues that ALJ Buls failed to comply with the remand order because he did
12  not "fully" reevaluate ALJ Robins's unfavorable decision in light of the subsequent award
13  of benefits.  Plaintiff obviously disagrees with ALJ Buls's denial of benefits, but that does
14  not mean that ALJ Buls did not comply with the remand order.  The record reflects that ALJ
15  Buls knew of and followed the Appeals Council's remand order.  Even though he did not
16  ultimately find Plaintiff disabled, the record reflects that ALJ Buls considered the 2008 fully
17  favorable decision when deciding whether Plaintiff was disabled during the prior period.

18  **B.    Subjective Pain Testimony**

19  ALJ Buls did not accept Plaintiff's complaints regarding her level of pain and
20  limitation during the relevant time.  (Tr. 298.)  If a claimant produces objective medical
21  evidence of an underlying impairment, as Plaintiff did here, then the ALJ cannot reject the
22  claimant's subjective complaints based solely on a lack of objective medical support for the
23  alleged severity of the pain. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).  If the
24  ALJ finds the claimant's subjective pain testimony not credible, the ALJ must make findings
25  sufficiently specific to allow the reviewing court to conclude that the ALJ rejected the
26  testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.
27  *Id*. at 856-57.  If no affirmative evidence of malingering exists, then the ALJ must provide
28  clear and convincing reasons for rejecting the claimant's testimony about the severity of his

1    symptoms.  *Id*. at 857.

2          The Commissioner argues that ALJ Buls did not have to give clear and convincing

3    reasons for disbelieving Plaintiff's testimony because the standard found in *Bunnell v.*

4    *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)(*en banc*), which does not mention the clear

5    and convincing reasons test, has not been overturned by an *en banc* Ninth Circuit Court of

6    Appeals opinion.  The Commissioner contends that the "clear and convincing reasons"

7    standard is found only in subsequent panel opinions. The Commissioner offers the following

8    as the appropriate standard: whether the ALJ's credibility findings are "supported by the

9    record" and "sufficiently specific to allow a reviewing court to conclude that the adjudicator

10   rejected the claimant's testimony on permissible grounds."  *Id*.

11         The Commissioner is correct that it would take another *en banc* opinion from the

12   Ninth Circuit to *overturn* its earlier *en banc* decision in *Bunnell*.[1]  But it would not take an

13   *en banc* court to elaborate on the earlier holding.  The Ninth Circuit Court of Appeals

14   seemingly has accepted the "clear and convincing" reasons test as "in addition to," rather

15   than "instead of," the *Bunnell* standard. Regardless of whether the clear and convincing

16   reasons test applies, ALJ Buls failed to meet the standard championed by the Commissioner.

17         The Commissioner argues that an ALJ must make credibility findings "sufficiently

18   specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's

19   testimony on permissible grounds."  *Bunnell,* 947 F.2d at 345-46.  ALJ Buls wrote the

20   following regarding Plaintiff's credibility in his unfavorable decision: "[C]laimant's

21   statements concerning the intensity, persistence and limiting effects of these symptoms are

22   not credible to the extent they are inconsistent with the above residual functional capacity

23   assessment," and "While the undersigned has no specific reason to believe claimant lacks

24   credibility as to her allegations, the objective medical evidence simply does not support the

25   level of limitation she reports from January 2003 through March 2005." (Tr. 298).

26

27         ───────────────
        [1]Only an *en banc* court can overturn existing Ninth Circuit precedent.
28   *United States v. Camper,* 66 F.3d 229, 232 (9th Cir. 1995).

As outlined above, an ALJ cannot make adverse credibility findings based solely "on a lack of objective medical support . . .." *Rollins*, 261 F.3d at 856.  And ALJ Buls did not even attempt to give reasons, other than Plaintiff's testimony's general incompatibility with his residual functional capacity assessment and lack of evidence in the objective medical record, for rejecting Plaintiff's claims.  In fact, he conceded he had "no specific reason to believe claimant lacks credibility . . ."  (Tr. 298.)   ALJ Buls therefore did not give sufficiently specific reasons for disbelieving Plaintiff's testimony to allow this Court to conclude that he rejected her testimony on permissible grounds, and the Court cannot uphold his determination.

**C.     Credit as True**

The Ninth Circuit Court of Appeals first addressed the appropriate judicial response to an ALJ's failure to give adequate justification for rejecting a claimant's pain testimony in *Varney v. Secretary of Health and Human Services (Varney II)*, 859 F.2d 1396, 1398-99, 1401 (9th Cir. 1988).  In that case, the Ninth Circuit Court of Appeals adopted the so-called credit-as-true rule; holding that the Commissioner must accept, as a matter of law, a claimant's subjective pain testimony if the ALJ fails to articulate sufficient reasons for discrediting it.  *Id.*

But the holding in *Varney II* was specifically limited to cases "where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited."  *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)(quoting *Varney II*, 859 F.2d at 1401).  The Ninth Circuit Court of Appeals has not yet decided whether courts also must apply the credit-as-true rule in cases where outstanding issues remain before a proper disability determination can be made.

The Court finds that there are outstanding issues that must be resolved before a disability determination can be made in this case, and that it is not clear from the record that the ALJ would be required to find the Plaintiff disabled if all the evidence were properly

evaluated.  The Court cannot determine from the transcript of the second hearing before ALJ Buls whether Plaintiff's level of pain remained so high that she had to lie down most of the day throughout the relevant period.  Or, whether she instead had periods of intense pain, but that those symptoms lessened after treatment.

Moreover, at least one medical professional, Physician Assistant Nannette Sharp, who treated Plaintiff on a regular basis during the relevant time period opined that Plaintiff could engage in sedentary work.  And the state agency non-examining physician agreed with Ms. Sharp's assessment.  That evidence supports ALJ Buls's finding of non-disability.

Because the Court finds that there are outstanding issues that must be resolved before a proper disability determination can be made and because the Ninth Circuit Court of Appeals has never held that the Court must apply the credit-as-true rule in such circumstances, the Court will not apply the credit-as-true rule here.  Instead, the Court will remand to the Commission for a new hearing and a new determination regarding Ms. Tropp's entitlement to disability benefits for the period of January 21, 2003 to March 22, 2005.

Accordingly,

**IT IS ORDERED** reversing the Commissioner and remanding for further proceedings in accordance with this Order.

DATED this 14th day of March, 2012.

James A. Teilborg
United States District Judge