**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cecilia Tropp,<br><br>        Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>        Defendant. | No. CV 06-0606-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Attorney's Fees (Doc. 90). The Court now rules on the motion.

**I. Background**

In September 2011, Plaintiff filed an appeal from a denial of her application for Social Security disability benefits for the period of January 21, 2003 through March 22, 2005. (Doc. 74). Plaintiff's arguments on appeal included that "the ALJ erred by failing to comply with the Appeals Council remand order," (Doc. 74 at 27), and that "the ALJ erred by rejecting Tropp's symptom testimony in the absence of clear and convincing reasons for doing so." (Doc. 74 at 41).

On March 14, 2012, this Court reversed the ALJ's final decision to deny Plaintiff disability benefits and remanded for further proceedings. (Doc. 86 at 9). In ruling on Plaintiff's appeal, the Court found that ALJ Buls followed the Appeals Council's remand order, (Doc. 86 at 6), but did not give sufficiently specific reasons for disbelieving Plaintiff's

1 symptom testimony. (Doc. 86 at 8).

2 In finding that ALJ Buls failed to make sufficiently specific credibility findings to
3 reject Plaintiff's subjective pain testimony, the Court stated that:

> If a claimant produces objective medical evidence of an underlying impairment, as Plaintiff did here, then the ALJ cannot reject the claimant's subjective complaints based solely on a lack of objective medical support for the alleged severity of the pain. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) . . . If no affirmative evidence of malingering exists, then the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony about the severity of his symptoms. *Id.* at 857.

9 (Doc. 86 at 6-7). ALJ Buls did not give sufficiently specific reasons for disbelieving
10 Plaintiff's testimony, and he conceded he had "no specific reason to believe claimant lacks
11 credibility . . . ." (Tr. 298).

12 The Court found that the case should be remanded for further proceedings because
13 there were outstanding issues that needed to be resolved before a proper disability
14 determination could be made. (Doc. 86 at 9). These issues included "whether Plaintiff's level
15 of pain remained so high that she had to lie down most of the day throughout the relevant
16 period" or "whether she had periods of intense pain, but that those symptoms lessened after
17 treatment." (*Id.*).

18 Plaintiff now seeks $12,590.26 in attorney's fees under the Equal Access to Justice
19 Act ("EAJA"), 28 U.S.C. § 2412(d) for work done in the period between June 2011 and June
20 2012. (Doc. 90 at 3).

21 **II. Standard of Review**

22 On a motion for attorney's fees and costs pursuant to the EAJA, a prevailing party is
23 entitled to attorney's fees unless the government's position was substantially justified or
24 special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A);
25 *Perez–Arellano v. Smith,* 279 F.3d 791, 793 (9th Cir. 2002). Under the EAJA, the
26 government's position includes both its litigating position and the action or failure to act by
27 the agency upon which the civil action is based. 28 U.S.C. § 2412(d) (2)(D). Furthermore,
28 the Supreme Court has defined "substantially justified" as "justified to a degree that could

satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (affirming Ninth Circuit's holding that substantially justified means having a reasonable basis both in law and fact); *see Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005) ("The Commissioner is substantially justified if his position met the traditional reasonableness standard-that is justified in substance or in the main, or to a degree that could satisfy a reasonable person."). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

Further, the Court must consider both (1) whether the underlying conduct of the ALJ was substantially justified and (2) whether the Commissioner's litigation position defending the ALJ's error was substantially justified. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001).

### III. Discussion

#### A. Whether Plaintiff is entitled to an Award of Fees under the EAJA

There is no dispute that Plaintiff is the prevailing party within the meaning of the EAJA in this case. *See Gutierrez*, 274 F.3d at 1257 (stating that an applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded). The question, then, is whether the ALJ's decision and the Commissioner's defense of that decision in this Court was substantially justified.

> Where the Commissioner defends "basic and fundamental errors," his defense often lacks substantial justification. *Corbin v. Apfel,* 149 F.3d 1051, 1053 (9th Cir. 1998). Defense of an administrative law judge's (ALJ's) failure to comply with laws or regulations also lacks substantial justification. *See Gutierrez v. Barnhart,* 274 F.3d 1255, 1259–60 (9th Cir. 2001). On the other hand, where resolution of the case turns on the weight and evaluation of the evidence . . . the Commissioner's defense of the ALJ's findings ordinarily is substantially justified. *See Lewis v. Barnhart,* 281 F.3d 1081, 1084, 1086 (9th Cir. 2002).

*O'Neal v. Astrue*, 466 F. App'x 614, 615, 2012 WL 122359, at *1 (9th Cir. 2012).

In this case, the Court found that the ALJ did not provide sufficiently specific reasons for disbelieving Plaintiff's testimony on permissible grounds. Specifically, ALJ Buls did not

- 3 -

1  attempt to give reasons for rejecting Plaintiff's subjective pain testimony other than citing
2  to that testimony's general incompatibility with Defendant's residual functional capacity
3  assessment and lack of evidence in the objective medical record.

4        The Commissioner argues that the ALJ's position and the Commissioner's defense
5  of that position were substantially justified because the ALJ did not base his decision solely
6  on the objective medical evidence. Specifically, the Commissioner points to evidence that
7  epidural injections helped with Plaintiff's pain and that some of the medical opinion evidence
8  detracted from Plaintiff's claims of disabling pain. Additionally, the Commissioner argues
9  that, although the Court did not agree that the ALJ provided sufficiently legitimate reasons
10 for discounting Plaintiff's subjective statements, Defendant's position was substantially
11 justified in that it had a reasonable basis in law and fact.

12       In Reply, Plaintiff argues that the Court's prior Order reversing ALJ Buls' rejection
13 of Plaintiff's subjective pain testimony proves the Commissioner's actions were not
14 substantially justified. Additionally, Plaintiff contends that the Commissioner's argument that
15 only the *Bunnell* test, and not the clear and convincing reasons test, applies was not
16 substantially justified.

17       The Court found that the ALJ failed to comply with the law in not making sufficiently
18 specific findings—measured by either the clear and convincing reasons standard or the
19 *Bunnell* standard. Specifically, the Court stated: "ALJ Buls did not even attempt to give
20 reasons, other than Plaintiff's testimony's general incompatibility with his residual functional
21 capacity assessment and lack of evidence in the objective medical record, for rejecting
22 Plaintiff's claims. In fact, he conceded he had 'no specific reason to believe clamant lacks
23 credibility . . .' (Tr. 298)." (Doc. 86 at 8). ALJ Buls did not give sufficiently specific reasons
24 for disbelieving Plaintiff's testimony, and Defendant has not carried his burden in showing
25 that the ALJ's failure to do so was substantially justified. Because the ALJ's error was legal
26 in nature and did not turn on the weight and evaluation of the evidence, the Commissioner
27 was not substantially justified in defending the ALJ's rejection of Plaintiff's subjective pain
28 testimony.

1    Accordingly, the Court finds that Plaintiff is entitled to attorney's fees under the
2 EAJA.

3    **B. Whether the Requested Fees are Reasonable**

4    Plaintiff requests $12,590.26 in attorney's fees. Specifically, Plaintiff seeks recovery
5 for 57 hours of counsel's work in 2011 and 12.5 hours of counsel's work in 2012. Plaintiff's
6 counsel requests that the Court enhance the EAJA's $125 base rate based on a cost of living
7 increase for a rate of $180.59 per hour for work in 2011 and $183.73[1] per hour for work in
8 2012.

9    Pursuant to the EAJA and *Thangaraja v. Gonzalez*, 428 F.3d 870, 876-77 (9th Cir.
10 2005), the Court will award Plaintiff's counsel a cost of living increase for counsel's billed
11 hours. This results in an applicable statutory maximum rate of $180.59 per hour for work in
12 2011 and $183.73 per hour for work in 2012. *See* United States Courts for the Ninth Circuit,
13 Equal Access to Justice Act-Rates,
14 http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited September
15 4, 2012).

17 /////
18 ////
19 ///
20 //
21 /

---

25
26    [1] It appears to the Court that Plaintiff erred in stating the applicable rate to be $183.43 rather than the correct rate of $183.73 for work performed in the first half of 2012. *See*
27 United States Courts for the Ninth Circuit, Equal Access to Justice Act-Rates, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited September
28 4, 2012).

- 5 -

**IV. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Application for Attorney's Fees (Doc. 90) is granted in the amount of $12,590.26. This award shall be made payable directly to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, __U.S.__, 130 S.Ct. 2521 (2010).

DATED this 12th day of September, 2012.

James A. Teilborg
United States District Judge